UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-616-JSL (SP) | Date | February 5, 2013 |
|---|---|---|---|
| Title | BRENT McMILLAN I v. LOS ANGELES COUNTY DCFS, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Jurisdiction Due to Lack of Cognizable Claim and Lack of Custody, and for Failure to Exhaust**

On January 29, 2013, petitioner Brent McMillan I filed what purports to be a Petition for Writ of Habeas Corpus (the "Petition"). Petitioner seeks the return of his children, who were removed from his custody by the Department of Children and Family Services ("DCFS"). This court having reviewed the Petition, it appears that the Petition is subject to dismissal for multiple reasons. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **March 7, 2013**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## Grounds for Dismissal

First, it appears that petitioner is not in custody or under any other criminal sentence, as is required to obtain habeas relief. *See* 28 U.S.C. § 2254(a). The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). Although the petitioner need not necessarily be physically confined in order to file a habeas petition, he must still be under a criminal sentence that has not yet expired, such as on parole. *Id.* at 491-92. But petitioner here seems never to have been convicted or under a criminal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-616-JSL (SP) | Date | February 5, 2013 |
|---|---|---|---|
| Title | BRENT McMILLAN I v. LOS ANGELES COUNTY DCFS, et al. | | |

sentence at all that is related to the matter he challenges. As such, it appears this court lack jurisdiction to consider his Petition. *See id.* at 490 ("in custody" requirement is jurisdictional).

Second, and even more fundamentally, the relief petitioner seeks is not cognizable in a habeas petition. Section 2254 permits a federal court to entertain a habeas petition by a prisoner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005). Put simply, this court also lacks jurisdiction because petitioner is not claiming that he is in custody in violation of the Constitution or other federal law. *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody).

Petitioner indicates that he is also bringing the Petition on behalf of his sons, Brent McMillan II and Brent McMillan III. But although petitioner alleges that his sons were taken from him at gunpoint, there is no indication that they are in custody. And certainly they are not in custody pursuant to a criminal judgment by a state court. As such, it appears that the Petition does not state a cognizable claim for relief, and this court lacks jurisdiction over the Petition.

A federal court has the discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed, such as when the "petition" seeks relief from the conditions of confinement. *See Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam) (holding that where a habeas corpus petition presents § 1983 claims challenging conditions of confinement, the petition should be construed as a civil rights action), superceded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). But nothing in the instant Petition indicates that petitioner alleges a civil rights claim. Instead, the Petition appears to be an appeal of a decision by a Children's Court.

Finally, even if the Petition raised a cognizable habeas claim over which this court had jurisdiction, it appears that petitioner has not exhausted his state remedies with respect to the grounds raised in his Petition. A habeas petitioner must exhaust his or her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-616-JSL (SP) | Date | February 5, 2013 |
|---|---|---|---|
| Title | BRENT McMILLAN I v. LOS ANGELES COUNTY DCFS, et al. | | |

state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888. In this case, it appears that the grounds raised in the Petition have not been presented to and ruled on by the California Supreme Court, and thus none of the grounds raised have yet been exhausted. If this is correct, the Petition is also subject to dismissal for this reason, in addition to lack of jurisdiction.

### Petitioner's Options

If petitioner contends that he is in fact in custody or under a unexpired criminal sentence, and that he is raising a cognizable habeas challenge to his custodial sentence, and that he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **March 7, 2013**. Petitioner should attach to his response copies of any documents supporting his contentions.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-616-JSL (SP) | Date | February 5, 2013 |
|---|---|---|---|
| Title | BRENT McMILLAN I v. LOS ANGELES COUNTY DCFS, et al. | | |

Such dismissal request must also be filed on or before **March 7, 2013**.

    **The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for lack of jurisdiction, for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**